United States Bankruptcy Court
Middle District of Florida

Herendeen,
    Plaintiff

Healthcare Revenue Recovery Group, LLC,,
    Defendant

Adv. Proc. No. 21-00128-MGW

# CERTIFICATE OF NOTICE

District/off: 113A-8      User: bchristin      Page 1 of 2
Date Rcvd: Nov 05, 2021      Form ID: pdfdoc      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 07, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Healthcare Revenue Recovery Group, LLC, d/b/a HRRG, c/o Registered Agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2699 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 07, 2021      Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 5, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alejandro J Mendez | on behalf of Plaintiff Christine L Herendeen amendez@shraderlawfirm.com bshrader@shraderlawfirm.com;koconnell@shraderlawfirm.com;admin@shraderlawfirm.com |
| Brian L Shrader | on behalf of Plaintiff Christine L Herendeen bshrader@shraderlawfirm.com koconnell@shraderlawfirm.com;amendez@shraderlawfirm.com |
| Christine L Herendeen | clherendeen@herendeenlaw.com  FL78@ecfcbis.com |
| Ernest H Kohlmyer, III | on behalf of Defendant Healthcare Revenue Recovery Group  LLC, d/b/a HRRG skohlmyer@shepardfirm.com, clegros@shepardfirm.com;tkittilson@shepardfirm.com;service@shepardfirm.com |

District/off: 113A-8 User: bchristin Page 2 of 2
Date Rcvd: Nov 05, 2021 Form ID: pdfdoc Total Noticed: 1
TOTAL: 4

[**Doepvhla**] [District Order Establishing Procedures for Video Hearings – Limited Parties AP]

ORDERED.

**Dated: October 22, 2021**

*[signature]*
Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br>Carrin Denise James<br><br>_____Debtor*_____ / | Case No. 8:21−bk−00038−MGW<br>Chapter 7 |
| Christine L Herendeen<br><br>Plaintiff* | |
| vs.<br>Healthcare Revenue Recovery Group, LLC,<br>d/b/a HRRG<br><br>_____Defendant*_____ / | Adv. Pro. No. 8:21−ap−00128−MGW |

ORDER ESTABLISHING PROCEDURES FOR VIDEO HEARINGS

This order sets procedures to use at video hearings conducted in this case. Under Federal Rule of Civil Procedure 43, made applicable in this case under Federal Rule of Bankruptcy Procedure 9017, the Court, for good cause in compelling circumstances and with appropriate safeguards, may permit testimony in open court by contemporaneous transmission from another location. The Centers for Disease Control has recommended that all individuals practice "social distancing" and avoid close contact to prevent the spread of the COVID−19 virus. The Court finds that the need for social distancing constitutes good cause and compelling circumstances to permit court hearings and testimony by video.

Accordingly, it is

**ORDERED:**

1. The hearing scheduled for November 17, 2021 at 09:30 AM (the "Hearing"), shall take place via ZOOM.

2. Register for Zoom Meeting at https://pacer.flmb.uscourts.gov/fwxflmb/zoom/.

3. The Court prefers for attorneys and parties to participate in the hearing by video on Zoom. However, parties who wish to listen only, who do not anticipate active participation in the hearing, or who lack the necessary technology to participate by video may attend the hearing by telephone following the procedures set forth below. However, a party who wishes to examine a witness or to make evidentiary objections must attend the hearing by video on Zoom; parties are not permitted to examine witnesses or make evidentiary objections by telephone.

Note: There is no charge for attending a hearing by video or by telephone on Zoom.

| Judges Delano, Funk, or McEwen | via CourtCall by calling (888−882−6878) OR by registering for the Zoom Meeting and selecting the audio option by 5:00 p.m. the business day preceding the hearing. |
|---|---|
| Judges Jennemann, Vaughan, Colton, or Williamson | via Court Solutions by registering at www.court−solutions.com by 5:00 p.m. the business day preceding the hearing. |

4. Witnesses must participate by video. Counsel for the party presenting the witness must coordinate all aspects of the witness's participation including designating an estimated time when the witness will connect to the video conference, establishing an off−line method to contact the witness, and implementing safeguards to insure a witness is sequestered until called. The party sponsoring a remote witness is responsible for supplying all exhibits, deposition transcripts and other needed papers prior to the hearing. Failure to properly sequester a witness could result in sanctions against the attorney and the party calling the witness. Only one participant is permitted per video link, i.e., each participant must use a separate computer and video camera to connect to the Hearing.

5. Under Federal Rule of Civil Procedure 43(a), made applicable by Federal Rule of Bankruptcy Procedure 9017, witnesses will testify remotely by contemporaneous transmission, will be sworn in by video, and their testimony will be accepted and binding as if they were testifying live in the courtroom.

6. During the Hearing, all participants must:

   a. Dress in appropriate court attire (if appearing by video);

   b. Mute their microphone when not speaking;

   c. Wait until called upon by the Court before speaking;

   d. Not speak over other participants;

   e. Participate from a quiet location; and

   f. Announce themselves prior to speaking.

7. Parties are reminded about the requirements of Local Rule 9070−1 regarding the filing and use of exhibits. The requirement in Local Rule 9070−1(c)(2) to provide additional paper copies of exhibits to be used by witnesses is waived, except that a party shall deliver a binder or binders of exhibits at least forty−eight (48) hours before the Hearing to:

   a. Any *pro se* party;

   b. Any party that requests a copy; and

   c. All witnesses.

8. Participants are reminded that photographing, recording or further broadcasting the Hearing is strictly prohibited. Violation of these prohibitions may result in sanctions. All hearings will continue to be recorded using the Court's official digital recording system. The process for requesting an official transcript has not changed.

The Clerk is directed to serve a copy of this order on all interested parties.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.
*All references to "Plaintiff" or "Defendant" shall include and refer to multiple plaintiffs or defendants.